UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Smith,<br><br>    Plaintiff<br><br>v.<br><br>Accredited Home Lenders, et al.<br><br>    Defendant | 2:15-cv-00565-JAD-GWF<br><br>**Order Granting Emergency Motion to Intervene and Scheduling Show Cause Hearing**<br><br>[ECF 14] |

Plaintiff Raymond Smith purchased a home on Brisbane Place in 2006 and secured his mortgage with a deed of trust in favor of Accredited Home Lenders, Inc.[1] Smith claims that the Mortgage Electronic Registration System (MERS) assigned that deed of trust to Household Finance Reality Corp. of Nevada Mortgage in 2012, in an attempt "to fraudulently steal plaintiff's home" and transfer assets that belonged to Accredited's Chapter 11 bankruptcy trustee.[2] Smith sued Accredited and U.S. Bank Trust, N.A., but I dismissed the claims against U.S. Bank Trust on its unopposed motion.[3] Accredited—the lone remaining defendant—has not appeared.

Non-party Three Day Home Sales, LLC moves to intervene in this action. Three Day explains that Smith lost the home in an October 2014 foreclosure sale at which U.S. Bank Trust was the purchaser.[4] Three Day bought it from U.S. Bank Trust in October 2015, and is under contract to sell it to a new buyer. In fact, the sale was scheduled to close on February 10, 2016, but Smith filed and recorded a notice of lis pendens against the property, clouding

---

[1] ECF 1, ECF 14 at 4.

[2] ECF 1.

[3] ECF 11.

[4] ECF 14.

1

title and preventing Three Day from conveying clear title.[5] I grant Three Day's motion to intervene[6] and order Raymond Smith to show cause by March 28, 2016, why the notice of lis pendens should not be expunged.

## Discussion

### A.  Motion to intervene

A third party may intervene in a case as a matter of right under Federal Rule of Civil Procedure 24(a) when it can satisfy four factors: (1) its motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the action.[7] These requirements are "broadly interpreted in favor of intervention."[8]

Three Day has satisfied all of these requirements.[9] It filed this motion less than 30 days after Smith filed and recorded the lis pendens and triggered Three Day's interest in this suit. It has demonstrated that it has a "significantly protectable" interest in the property and without intervention, cannot protect that interest: it is the record owner of the property[10] that

---

[5] *Id.*

[6] ECF 14.

[7] *Sierra Club v. U.S. Envtl. Prot. Agency*, 995 F.2d 1478, 1481 (9th Cir. 1993).

[8] *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

[9] FRCP 24(c) requires a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." But because Three Day does not seek to bring a claim or defense—just to challenge the lis pendens—no pleading is necessary. I find that Three Day's motion, ECF 14, has sufficiently set out its position to satisfy FRCP 24(c). *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.").

[10] ECF 16 at 4 (grant, bargain, sale deed). I grant the request to take judicial notice of these recorded and filed documents. *See* ECF 16.

Smith filed a notice of lis pendens,[11] and that this lis pendens is clouding the title and preventing a contracted sale to close.[12]  And no party is adequately representing Three Day's interests; the claims against U.S. Bank have been dismissed, and the lone remaining defendant—Accredited Home Lenders—has not appeared.  Accordingly, I grant Three Day's motion to intervene in this action as of right for the limited purpose of seeking to expunge the lis pendens.

**B.      Order to show cause why the lis pendens should not be cancelled**

Three Day asks the court to "enter an order cancelling the notice of pendency of action" (ECF 13) "or, in the alternative, set the matter for hearing on the earliest possible date."[13]  NRS 14.015(1) allows a defendant to "request that the court hold a hearing on the notice, and such a hearing must be set as soon as is practicable."[14]  The plaintiff must then "appear at the hearing and, through affidavits and other evidence [that] the court may permit, establish to the satisfaction of the court that":

1. "The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice";
2. "The action was not brought in bad faith or for an improper motive";
3. He "will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property";
4. He "would be injured by any transfer of an interest in the property before the action is concluded"; and
5. He "is likely to prevail in the action" or "has a fair chance of success on the merits in

---

[11] ECF 16 at 10.

[12] ECF 16 at ¶ 6–9.

[13] ECF 14.

[14] Nev. Rev. Stat. § 14.015(1).

the action" and the injury he would suffer if the property were transferred "would be sufficiently serious that the hardship on him . . . would be greater than the hardship on the defendant resulting from the notice of pendency," and if he prevails, he "will be entitled to relief affecting the title or possession of the real property."[15] If the plaintiff fails to establish any of these elements, the court must order the notice of lis pendens cancelled and order the plaintiff to "record with the recorder of the county a copy of the order of cancellation."[16]

The parties are hereby ordered to appear at a hearing before Hon. Judge Jennifer Dorsey in Courtroom 6D of this court on **April 4, 2016, at 1:30 p.m.,** at which the plaintiff must demonstrate through affidavits and other evidence the court may permit that he can satisfy the requirements in NRS 14.015 such that the lis pendens should not be cancelled. Plaintiff's failure to appear and provide that proof will result in the cancellation of the lis pendens (ECF 13).

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Three Day Home Sales, LLC's Motion to Intervene under FRCP 24(a) for the limited purpose of seeking to cancel the lis pendens **[ECF 14] is GRANTED.  The Clerk of Court is directed to add Three Day Home Sales, LLC as an intervenor defendant.**

IT IS FURTHER ORDERED that **the parties must appear** before Hon. Judge Jennifer Dorsey in Courtroom 6D of the Lloyd D. George Federal Courthouse at 333 Las Vegas Boulevard South **on April 4, 2016, at 1:30 p.m.,** at which **plaintiff must demonstrate** through affidavits and other evidence the court may permit **that he can satisfy the requirements in NRS 14.015 such that the lis pendens should not be cancelled.**

---

[15] Nev. Rev. Stat. § 14.015(2)–(3).

[16] Nev. Rev. Stat. § 14.015(5).

Plaintiff's failure to appear and provide that proof will result in the cancellation of the lis pendens (ECF 13) without further notice.

Dated this 10th day of March, 2016.

_____
Jennifer A. Dorsey
United States District Judge