Raymond Smith,

    Plaintiff

v.

Accredited Home Lenders, et al.,

    Defendants

2:15-cv-0565-JAD-GWF

**Order Denying Motion for Default Judgment**

[ECF No. 27]

    Little has been done in this two-year-old case. On July 6, 2017, the Clerk of Court notified plaintiff Raymond Smith that "[i]f no action is taken in this case by 8/5/17, the court shall enter an order of dismissal for want of prosecution."[1] One day before that deadline, Smith filed a motion for default judgment against non-appearing defendant Accredited Home Lenders.[2]

    Plaintiff skipped a required step in the default-judgment process. As the Ninth Circuit Court of Appeals explained in *Eitel v. McCool*, Rule 55 requires a "two-step process" consisting of: FIRST asking the Clerk of Court to enter default against the non-answering defendant; and then SECOND, after the clerk has entered default, filing a motion (properly supported by a memorandum of points and authorities[3]) asking the judge to enter default *judgment*.[4] Because no default against Accredited has been requested or entered, plaintiff's request for a default *judgment* is not ripe.

    Even if the plaintiff had first asked the clerk to enter default, this motion for default judgment would be denied. Before the court can grant a request for default judgment, the court must evaluate

---

[1] ECF No. 26.

[2] ECF No. 27.

[3] L.R. 7-2(a).

[4] *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

1

several factors including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."[5]  Plaintiff has not addressed these factors at all, let alone demonstrated why they favor default judgment here.  Plaintiff is cautioned that, if is able to obtain the entry of default against Accredited and he wants to renew his request for a default judgment, he must provide a detailed analysis of the factors listed above and how they support a default judgment against Accredited.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment **[ECF No. 27] is DENIED**.  If plaintiff has not obtained default against Accredited and filed a proper motion for default judgment by August 30, 2017, this case will be dismissed for want of prosecution.

Dated this 9th day of August, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Eitel*, 782 F.2d at 1471–72.