# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Raymond Smith,

    Plaintiff

v.

Accredited Home Lenders, et al.

    Defendant

2:15-cv-00565-JAD-GWF

**Order Denying Motion to Amend and Dismissing Case**

[ECF No. 30]

    Plaintiff Raymond Smith purchased a home on Brisbane Place in 2006 and secured his mortgage with a deed of trust in favor of Accredited Home Lenders, Inc.[1] Smith claims that the Mortgage Electronic Registration System (MERS) assigned that deed of trust to Household Finance Reality Corp. of Nevada Mortgage in 2012, in an attempt "to fraudulently steal plaintiff's home" and transfer assets that belonged to Accredited's Chapter 11 bankruptcy trustee.[2] Smith sued Accredited and U.S. Bank Trust, N.A., but I dismissed the claims against U.S. Bank Trust on its unopposed motion.[3] Accredited—the lone remaining defendant—has not appeared.

    Smith allowed this case to languish without any action for many months. So, earlier this summer, I gave him until August 5, 2017, to move his remaining claims forward or have this case dismissed for want of prosecution under Local Rule 41-1.[4] On the eve of that deadline, Smith filed a motion for default *judgment*,[5] skipping the crucial step of first obtaining a *default*, so I gave him until

---

[1] ECF 1, ECF 14 at 4.

[2] ECF 1.

[3] ECF 11.

[4] ECF No. 26.

[5] ECF No. 27.

1

August 30th to obtain that default and file a new motion for default judgment.[6] Smith took neither step by the extended deadline. Instead, on it, he filed a motion for leave to amend his complaint.[7]

The new motion is too little, too late. Smith has not demonstrated a need to amend his complaint, he has not attached a proposed amended complaint as Local Rule 15-1 requires,[8] and he has not shown good cause for another extension of my order deadline.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[9] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[10] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[6] ECF No. 28.

[7] ECF No. 30.

[8] *See* L.R. 15-1(a) (stating "the moving party must attach the proposed amended pleading to a motion seeking leave of court to file an amended pleading"). Smith is not relieved of his obligation to comply with the rules and procedures of this court simply because he has not retained, or cannot afford to retain, an attorney to represent him. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

[9] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[10] *See Ghazali*, 46 F.3d at 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[11]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[12] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[13] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend **[ECF No. 30] is DENIED**;

IT IS FURTHER ORDERED that **this case is DISMISSED**. The Clerk of Court is directed to **CLOSE THIS CASE**.

Dated this 28th day of September, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[12] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[13] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.